# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Yates Real Estate, Inc.; Yates House for Military Veterans, Inc.; and John and Jane Doe, <br><br> Plaintiffs, <br><br> v. <br><br> Plainfield Zoning Board of Adjustment; City of Plainfield, <br><br> Defendants. | Civ. No. 18-12700-KM-CLW <br><br> **MEMORANDUM and PROCEDURAL ORDER** |

### KEVIN MCNULTY, U.S.D.J.:

On July 31, 2019, I issued an Opinion ("Op.", DE 26) and Order (DE 27) denying the plaintiffs' motion for a preliminary injunction. That ruling was substantially based on the extensive record compiled before the local zoning board. *See* Op. Section II.B (standard of review of zoning board decision). I found, *inter alia,* that the plaintiffs did not have a substantial likelihood of success on their claims.

By letter dated September 20, 2019 (DE 30), counsel for the City relates the parties' agreement before Magistrate Judge Waldor that no further discovery was needed, in that the full record of proceedings before the zoning board was already before the Court. Thus defense counsel requests that the court's decision on the preliminary injunction application simply be converted to a ruling granting summary judgment to the defendants, without further motion practice.

There are cases in which the grant or denial of a preliminary injunction is tantamount to a decision on the merits, and may justify an award of summary judgment. Any such conversion of one to the other, however, must be approached with care:

Rule 65 of the Federal Rules of Civil Procedure "empowers district courts to grant preliminary injunctions." *Doe v. Banos*, 713 F. Supp. 2d 404, 410 (D.N.J.), *aff'd*, 416 F. App'x 185 (3d Cir.2010). "Because the scope and procedural posture of a hearing for a preliminary injunction is significantly different from a trial on the merits ... 'it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits.'" *Anderson v. Davila*, 125 F.3d 148, 157 (3d Cir. 1997) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L.Ed.2d 175 (1981)). In appropriate circumstances, however, Rule 65(a)(2) provides a district court with the discretion to "advance the trial on the merits and consolidate it with the [preliminary injunction] hearing." Fed. R. Civ. P. 65(a)(2). A district court may also convert a decision on a preliminary injunction application into a final disposition on the merits by granting summary judgment as long as sufficient notice is provided pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Krebs v. Rutgers*, 797 F. Supp. 1246, 1253 (D.N.J. 1992); *Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 n. 4 (9th Cir. 1990); *see also* Fed. R. Civ. P. 56(f).

Under Rule 56, summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). . . . .

The Third Circuit has held, in accordance with principles of due process, that a district court should give the parties notice of its intent prior to entering summary judgment *sua sponte*. *See Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 280 (3d Cir. 2010). Notice is sufficient, however, "when 'the targeted party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward.'" *Zimmerlink v. Zapotsky*, 539 Fed.Appx. 45, 49 (3d Cir. 2013) (quoting *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 223–24 (3d Cir. 2004) (finding no notice is required if there is a fully developed record, a lack of prejudice to the parties, and a decision on a purely legal issue)). "Even if a court fails to comply with the requirements of Rule 56(f), however, any such error 'may be excused if the failure was a harmless error.'" *Zimmerlink*, 539 F. App'x at 49 (quoting *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989)).

*Nat'l Collegiate Athletic Ass'n v. Christie*, 61 F. Supp. 3d 488, 496–97 (D.N.J. 2014).[1]

By letter dated September 23, 2019, counsel for the plaintiffs opposed the defense request. They acknowledge that the Court's review is confined to the administrative record. Nevertheless, they express concern that plaintiffs have not had notice or the opportunity to respond to the factual findings and legal conclusions contained in the court's Opinion.

I agree that the plaintiffs were not given notice that they faced the equivalent of a motion for summary judgment. To that concern, I would add that the standards for a preliminary injunction (*e.g.*, the likelihood, or not, of success) are not the same as those on a motion for summary judgment (the existence, or not, of a genuine issue of material fact and entitlement to judgment as a matter of law). *Compare* Fed. R. Civ. P. 65 *with* Fed. R. Civ. P. 56.

I will therefore enter the following procedural order.

### ORDER

**IT IS**, this 24th day of September, 2019,

**ORDERED** as follows:

1. Within 30 days after the entry of this Order, the plaintiffs may file a brief, not to exceed 25 pages, showing cause why the court's Opinion and Order (DE 26, 27) should not be converted into a ruling granting summary judgment to the defendants.

2. Within 21 days thereafter, the defendants may file a responding brief, not to exceed 25 pages.

---

[1] The procedural principles outlined in the quotation in text are not affected by the lengthy subsequent history of that case: *aff'd sub nom. Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey*, 799 F.3d 259 (3d Cir. 2015), *reh'g en banc granted, opinion vacated* (Oct. 14, 2015), *on reh'g en banc*, 832 F.3d 389 (3d Cir. 2016), *rev'd sub nom. Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 200 L. Ed. 2d 854 (2018), and *aff'd sub nom. Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey*, 832 F.3d 389 (3d Cir. 2016), and *rev'd sub nom. Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 200 L. Ed. 2d 854 (2018).

3. The parties may assume that the Court is familiar with the arguments made for and against preliminary injunctive relief, and shall not repeat them unnecessarily.

_____
Kevin McNulty
United States District Judge